## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Michael Kemsley,

        Plaintiff,

vs.

JP Morgan Chase, N.A.,

        Defendant.

Case No. 18-13514

Honorable Gershwin A. Drain
Mag. Judge David R. Grand

| | |
|---|---|
| Michael Kemsely | Samantha L. Walls (P75727) |
| 32308 Allen Road | Counsel for Defendant |
| Livonia, MI 48154 | DYKEMA GOSSETT PLLC |
| (734) 637-0014 | 400 Renaissance Center |
| *Pro Se* | Detroit, MI  48243 |
| | Telephone:  (313) 568-6800 |
| | Facsimile:  (855) 243-9880 |
| | swalls@dykema.com |

*(left margin, vertical text)* DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## DEFENDANT CHASE BANK USA, N.A.'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT

Defendant Chase Bank USA, N.A., improperly sued here as JP Morgan Chase Bank, N.A. ("Chase" or "Defendant"), through counsel, Dykema Gossett PLLC, hereby moves this Court, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), for an order setting aside the November 9, 2018 default judgment entered by the 16th Judicial District Court.

In accordance with E.D. Mich. LR 7.1(a), on November 19, 2018, Chase's counsel spoke with Plaintiff and explained the nature of this motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

For the reasons set forth in Chase's brief in support of its motion, Chase respectfully requests that this Court grant its motion and enter an Order setting aside the default and default judgment, granting Chase 14 days to respond to Plaintiff's complaint, and granting any other relief this Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Samantha L. Walls*
Samantha L. Walls (P75727)
Counsel for Defendant
Dykema Gossett PLLC
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
Facsimile: (855) 243-9880
swalls@dykema.com

Dated: December 7, 2018

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Michael Kemsley,

       Plaintiff,

vs.

JP Morgan Chase, N.A.,

       Defendant.

Case No. 18-13514

Honorable Gershwin A. Drain
Mag. Judge David R. Grand

---

| | |
|---|---|
| Michael Kemsely | Samantha L. Walls (P75727) |
| 32308 Allen Road | Counsel for Defendant |
| Livonia, MI 48154 | DYKEMA GOSSETT PLLC |
| (734) 637-0014 | 400 Renaissance Center |
| *Pro Se* | Detroit, MI  48243 |
| | Telephone:  (313) 568-6800 |
| | Facsimile:  (855) 243-9880 |
| | swalls@dykema.com |

---

## BRIEF IN SUPPORT OF DEFENDANT CHASE BANK USA, N.A.'S MOTION TO SET ASIDE DEFAULT JUDGMENT

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................1

II.   STATEMENT OF FACTS ............................................................2

III.  ARGUMENT...............................................................................3

    A.  Standard Of Review ...............................................................3

    B.  The Default Is Void Because No Jurisdiction Was Obtained Over Chase. ....................................................................................5

    C.  The Default Should Be Set Aside Pursuant To Federal Rules Of Civil Procedure 55(C) And 60(B)..............................................................

        i.  Good Cause Exists To Set Aside The Default Because Chase Is Not Culpable For The Default And Did Not Display Reckless Disregard Or An Intent To Thwart Judicial Proceedings...................9

        ii.  Chase Has Meritorious Defenses.......................................11

          a.  Plaintiff's Complaint Fails To Meed The Pleading Requirements Of Fed.R.Civ.P. 8 ................................11

          b.  FCRA Provides No Private Right Of Action For Claims Brought Pursuant to § 1681s-2(a) ...............................13

          c.  Plaintiff Fails To Statye A Claim Under Section 1681s-2(b) ...........................................................................14

          d  Plaintiff's Fair Debt Collection Practices Act Claim Fails To State A Cause Of Action.......................................15

        iii.  Plaintiff Will Not Be Prejudiced .....................................16

        iv.  The Default Judgment Should be Set Aside Under Rule 60(b)(1) Due To Mistake, Inadvertence, And Excusble Neglect ..........................................................................17

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

v. The Default Judgment Should Be Set Aside Under Rule
60(b)(6) Because Justice Requires It ................................................18

IV. CONCLUSION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Wilmington Finance/AIG,*
    2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918.............................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937 (2009) ....................................................11, 12, 13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955 (2007) ............................................................12, 13

*Berthelsen v. Kane*,
    907 F.2d 617 (6th Cir. 1990)...............................................................................17

*Eastern Oil Co v Ermatinger*,
    Nos. 284286, 284442, 2009 Mich App LEXIS 1758 (Mich App
    Aug 25, 2009) (unpublished) .................................................................................8

*Eaton v. Meathe*,
    No. 11-178, 2011 U.S. Dist. LEXIS 30041 (W.D. Mich. Mar. 23,
    2011) (unpublished) ..............................................................................................11

*Green v. City of Southfield*,
    No. 15-13479, 2016 U.S. Dist. LEXIS 208936 (E.D. Mich. Feb.
    22, 2016) (unpublished) .........................................................................................6

*Harper v ACS-Inc.,*
    *2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501*............................................6

*Hawes v. Bank of Am., N.A.*,
    13-cv-10063, 2013 U.S. Dist. LEXIS 113119 (E.D. Mich. Aug. 12,
    2013)......................................................................................................................15

*Holland v. Virginia Lee Co.*,
    188 F.R.D. 241 (W.D. Va. 1999) .........................................................................18

*Holliday v Townley*,
    189 Mich App 424 ..................................................................................................8

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*INVST Fin. Grp. v. Chem-Nuclear Sys.*,
    815 F.2d 391 (6th Cir. 1987).........................................................................11, 18

*Jalapeno Prop. Mgmt, LLC v. Dukas*,
    265 F.3d 506, 515 (6th Cir. 2001).........................................................................7

*King v. Taylor*,
    694 F.3d 650 (6th Cir. 2012)..................................................................................5

*Klapprott v. United States*,
    335 U.S. 601 (1949)..............................................................................................18

*Montgomery v. Huntington Bank*,
    346 F.3d 693 (6th Cir. 2003)................................................................................16

*O.J. Distrib., Inc. v. Hornell Brewing Co*.,
    340 F.3d 345 (6th Cir. 2003).............................................................................5, 6

*Olle v. Henry & Wright Corp.*,
    910 F.2d 357 (6th Cir. 1990)................................................................................18

*Rooks v. American Brass Co*.,
    263 F.2d 166, 169 (6th Cir. 1959) .........................................................................4

*Shepard Claims Service, Inc. v. William Darrah & Associates*,
    796 F.2d 190 (6th Cir. 1986)................................................................................10

*State Farm Mut Auto Ins Co v Hudson*,
    486 Mich 856.........................................................................................................8

*United Coin Meter Co. v. Seaboard Coastline R.R.*,
    705 F.2d 839 (6th Cir. 1983)..................................................................................4

*United States v Murphy,*
    No. 99-1436, 2007 U.S. Dist. LEXIS 78020.........................................................7

*United States v. Plesco*,
    No. 97-74042, 2012 U.S. Dist. LEXIS 71005 (E.D. Mich. May 22,
    2012) (unpublished) .........................................................................................6, 7

*United Student Aid Funds, Inc v Espinosa,*
    130 S.Ct. 1367, 1376-77, 176 L.Ed.2d. 158 (2010) ............................................7

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

*Wells v. Rhodes*,
  592 Fed. App'x 373 (6th Cir. 2014).....................................................................5

*Yaldu v. Bank of Am. Corp.*,
  700 F. Supp. 2d 832 ( E.D. Mich. 2010) ...........................................................13

**Statutes**

15 U.S.C. § 1681a-2(a) ..........................................................................................14

15 U.S.C. § 1681i(a)(2)...........................................................................................14

15 U.S.C. §1681s–2(d)............................................................................................13

15 U.S.C. § 1681s-2(a)............................................................................................13

15 U.S.C. § 1681s-2(b) ...........................................................................................14

Fair Credit Reporting Act.........................................................................................2

Fair Debt Collection Practices Act. ..........................................................................2

FCRA ...............................................................................................................13, 14

FDCPA ....................................................................................................13, 15, 16

**Other Authorities**

*Fed. R. Civ. P. 8* ...............................................................................................11, 15

Fed. R. Civ. P. 55 ...........................................................................................3, 16, 17

Fed. R. Civ. P. 55(c), 60(b) ............................................................................vi, vii, 9

Fed. R. Civ. P. 60(b) ...................................................................................vi, 3, 4, 6

Fed. R. Civ. P. 60(b)(1)......................................................................................5, 17

MCR 2.105...............................................................................................................17

MCR 2.105(E)....................................................................................................7, 8, 9

Rule 55(c) and Rule 60(b) .......................................................................................11

Rule 60(b)(6)...........................................................................................................18

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## STATEMENT OF ISSUES PRESENTED

Whether this Court should set aside a default and default judgment, pursuant to Fed. R. Civ. P. 55(c) and/or Fed. R. Civ. P. 60(b), when (i) Chase was not properly served with process (ii) Chase has meritorious defenses to Plaintiff's claims under the Fair Credit Reporting Act and the Fair Debt Collection Practices Act; (iii) Chase did not willfully or recklessly cause the default judgment to be entered as demonstrated by an attempt to engage in settlement negotiations with Plaintiff prior to the default being entered; and (iv) no prejudice to Plaintiff will result from setting aside the default judgment?

Chase says "yes."
Plaintiff would say "no."
This Court should say "yes."

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## STATEMENT OF CONTROLLING AUTHORITY

Chase relies on Fed. R. Civ. P. 55(c), 60(b), and the authorities citied in its brief in support of the motion.

## I.  INTRODUCTION

Plaintiff Michael Kemsley ("Plaintiff") is a prolific plaintiff[1] who seeks to receive a windfall at the expense of Chase, despite the utter lack of merit to his frivolous claims.  Here, Plaintiff apparently manipulated the leniency of the Michigan small claims court system to shorten Chase's time to respond to his complaint and receive a default and default judgment.  For the reasons set forth below, Chase respectfully requests this Court set aside the default and default judgment entered by the 16th District Court for the State of Michigan.

*First*, Chase was not properly served pursuant to the Michigan Court Rules with either the original small claims complaint, or the notice of removal to district court.

*Second*, good cause exists to set aside the default and default judgment because Chase is not culpable for the default and did not display reckless disregard or an intent to thwart judicial proceedings.

*Third*, Chase has meritorious defenses to Plaintiff's allegations.

*Fourth*, Plaintiff will not be prejudiced by setting aside the default and default judgment.

*Finally*, upholding a default and default judgment would result in a manifest injustice.

---

[1] *See* 16th District Court Docket Search, attached here as **Ex. G**.

1

For these reasons, Chase requests that the court set aside the default and default judgment, allow Chase 14 days from the entry of the Order to respond to Plaintiff's complaint.

## II. STATEMENT OF FACTS

Plaintiff commenced this action against Chase in the small claims division of the 16th District Court in Livonia, Michigan, by filing an affidavit and claim (the "Complaint").  Plaintiff alleges Chase violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*., ("FCRA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") because it did "not properly notif[y] Plaintiff of payment collection attempts and negligently placed the account as a derogatory item on his credit report." **Ex. A**, Complaint, ¶ 7.  Although Plaintiff makes no specific allegations of wrongdoing and does not provide any evidentiary support for his claims, he requests a total of $4,000.00 in damages.  (*Id.* at p. 6.)

It is unclear how Chase was initially served the Complaint; although the Complaint appears to indicate that it was sent via certified mail.  *Id*. at Notice of Hearing.  The Complaint further indicated a response deadline and hearing date of November 29, 2018.  *Id*.  The 16th District Court docket indicates the Complaint was "served" on October 23, 2018.  **Ex. B**, 16th District Court Small Claims Docket.  Chase Legal Papers Served Department ("LPS") received the Complaint on or about October 29, 2018.  *See* **Ex. C**, Declaration of Natalie Thomas at ¶ 5.

2

Upon information and belief, on or about October 25, 2018, Plaintiff removed the Complaint to the general civil division of the 16th District Court.  *See* **Ex. D**, 16th District Court Demand and Order for Removal.  A copy of the notice of removal was apparently mailed to Chase corporate headquarters; Chase LPS received a copy of the notice of removal on or about November 2, 2018.  *See* Ex. C, Declaration of Natalie Thomas at ¶ 6.

On or about November 9, 2018, only twenty-five days after filing his Complaint, and *only eleven days* after Chase received a copy of the same,  Plaintiff sought and received a default and default judgment (collectively the "Default Judgment") against Chase.  **Ex. E**, Default Judgment.  The Default Judgment indicates that the removal to the general civil division shortened Chase's time to respond to November 8, 2018.  *Id*.  On November 12, 2018, twenty-eight days after the Complaint was filed and fourteen days after Chase received a copy of the Complaint, Chase timely removed the action to this Court.

## III.   ARGUMENT

### A. Standard of Review

Fed. R. Civ. P. 55 states that the Court "may set aside entry of a default for good cause, and it may set aside a default judgment under Rule 60(b)."  The Sixth Circuit has held that "In considering a motion to set aside entry of a judgment by default a district court must apply Rule 60(b) equitably and liberally . . . to achieve

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

substantial justice." *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844-845 (6th Cir. 1983) (internal quotations omitted). This is because a default judgment "is a drastic step which should be resorted to only in the most extreme cases." *Id.* At 845. "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* At 846 (quoting *Rooks v. American Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959)).

The following three factors apply to a Court's decision whether to set aside a default judgment pursuant to Fed. R. Civ. P. 60(b): "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default." *United Coin, supra*, at 845. Mere delay is not sufficient prejudice. *Id*. Further, in determining whether a defaulted defendant has stated a meritorious defense, "likelihood of success is not the measure." *Id*. (citation omitted). Rather, "if any defense relied upon states a defense good at law," this requirement is satisfied. *Id.*

When a defendant seeks to set aside a default the standard is "good cause," and "when relief also is sought from the entry of a judgment by default the reasons set forth in Rule 60(b) may supply the good cause." *United Coin, supra,* at 844. Fed. R. Civ. P. 60(b) states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable

4

diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Here, the Court should set aside the Default pursuant to Fed. R. Civ. P. 60(b)(1) and/or (6).

### B. The Default Is Void Because No Jurisdiction Was Obtained Over Chase.

This is not an extreme case that warrants default judgment. Indeed, the Default Judgment entered against Chase must be set aside because Chase did not receive proper service of process, nor did it waive or forfeit its right to proper service. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Wells v. Rhodes*, 592 Fed. App'x 373, 377 (6th Cir. 2014) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655; *see also O.J. Distrib., Inc. v. Hornell Brewing Co*., 340 F.3d 345, 353 (6th Cir. 2003) ("Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties.").

When a defendant has not received proper service of process, that factor alone warrants setting aside the default judgment, and the additional factors under

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

Rule 60(b) need not be considered. In *Green v. City of Southfield*, No. 15-13479, 2016 U.S. Dist. LEXIS 208936 (E.D. Mich. Feb. 22, 2016) (unpublished cases attached as **Ex. F**), Judge Sean F. Cox recently explained:

> When evaluating either a motion to set aside a proper entry of default or a default judgment, the court considers three factors: 1) whether the default was the result of the defendant's willful or culpable conduct; 2) whether the plaintiff would be prejudiced if the default is set aside; and 3) whether the defendant asserts any meritorious defenses to the claims. *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).
>
> **"However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default."** *Adams v. Wilmington Finance/AIG*, 2012 U.S. Dist. LEXIS 98525, 2012 WL 2905918 at \* 1 (E.D. Mich. 2012). **"In other words, until a party has been properly served, the Court cannot take action against that party, including entering a default or judgment by default against that party."** *Harper v. ACS-INC.*, 2010 U.S. Dist. LEXIS 114760, 2010 WL 4366501 at \* 3 (E.D. Mich. 2010). Accordingly, "if service of process was not proper, the court must set aside an entry of default." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 (6th Cir. 2003).

*Green*, 2016 U.S. Dist. LEXIS 20893 at \*5-6 (emphasis added).

Thus, for example, in *United States v. Plesco*, No. 97-74042, 2012 U.S. Dist. LEXIS 71005, at \*2 (E.D. Mich. May 22, 2012) (unpublished), Judge Marianne O. Battani adopted a report and recommendation ("R&R") to vacate a default judgment for improper service of process, explaining that "the R&R accurately articulates the law and presents a well-reasoned, persuasive analysis of the

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

application of governing law to the facts of this case." *Id*.  In the R&R, the court

held:

> As an initial matter, "**if service was improper, the default judgment is void and must be vacated" pursuant to Fed. R. Civ. P. 60(b)(4)**. *United States v. Murphy*, No. 99-1436, 2007 U.S. Dist. LEXIS 78020, at *5 (E.D.N.Y. Sept. 28, 2007). Indeed,
>
>> **The Sixth Circuit requires that a court set aside a default judgment if service of process was not proper**. *See Jalapeno Prop. Mgmt., L.L.C. v. Dukas*, 265 F.3d 506, 515 (6th Cir. 2001) (stating that "if the underlying judgment is void, it is a *per se* abuse of discretion for a court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)") (internal citations omitted) (emphasis in the original). Therefore, if service of process is not proper, the judgment is void, and the court must set aside Defendant's default judgment. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367, 1376-77, 176 L.Ed.2d 158 (2010).

*United States v. Plesco*, No. 97-74042, 2012 U.S. Dist. LEXIS 71020, *11-12

(E.D. Mich. May 4, 2012) (unpublished) (collecting multiple Sixth Circuit and

United States District Court cases within the Sixth Circuit holding the same)

(emphasis added).

Here, the Default Judgment is void and should be set aside because

jurisdiction over Chase was never obtained due to defects in service.  Plaintiff

appears to have attempted to serve Chase by sending a copy of the Complaint to

Chase via certified mail.  *See* Ex. A, Complaint.  However, this was insufficient

pursuant to MCR 2.105(E).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

| | |
|---|---|
| (2) Serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the association,<br><br>**and**<br><br>Sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation. | **No.** Plaintiff did not attempt personal service on any individual at Chase whatsoever. *See* Ex. A**,** Complaint<br><br><br><br>Yes**.** |

Plaintiff failed to properly serve Chase in compliance with MCR 2.105(E); therefore, Plaintiff did not obtain personal jurisdiction over Chase.  Failure to fully comply with **all** required steps for effecting service of process constitutes a **complete failure** of service, rather than merely a technical defect, and deprives a court of jurisdiction to enter a default or default judgment.  *Holliday v Townley,* 189 Mich App 424, 425-26; 473 NW2d 733 (1991) (emphasis added); *see also State Farm Mut Auto Ins Co v Hudson,* 486 Mich 856; 780 NW2d 304 (2010) ("[b]ecause the defendant was not properly served and did not appear in court, the district court lacked jurisdiction over the defendant."); *Eastern Oil Co v Ermatinger,* Nos. 284286, 284442, 2009 Mich App LEXIS 1758, at *6 (Mich App Aug 25, 2009) ("absent compliance by both the serving party and the trial court

with MCR 2.105[ ], we cannot find that [defendant] was served . . . .") (unpublished, *id.*).

The record in this matter shows that Plaintiff never served Chase in conformity with the Michigan Court Rules, preventing the 16th District Court from acquiring jurisdiction to enter a default against Chase. To comply with MCR 2.105(E), Plaintiff needed to serve a Chase officer, director, trustee, or person in charge of a Chase business establishment, **and** send a copy of the Complaint or notice of removal by registered mail to a Chase office. Plaintiff did not do so. This manner of service does not comply with MCR 2.105(E), and did not grant the 16th District Court jurisdiction over Chase for purposes of entering a default. The Court should therefore set aside the Default Judgment against Chase, and permit Chase to file a response to the Complaint.

### C. The Default Should Be Set Aside Pursuant To Federal Rules Of Civil Procedure 55(C) And 60(B).

    i.  <u>Good Cause Exists To Set Aside The Default Because Chase Is Not Culpable For The Default And Did Not Display Reckless Disregard Or An Intent To Thwart Judicial Proceedings.</u>

The Default Judgment should be set aside under Fed. R. Civ. P. 55(c) and 60(b) because Chase is not culpable for the default– Chase reached out to Plaintiff prior to its deadline to respond seeking clarification on Plaintiff's allegations, and was unaware that a judgment was eminent. "[T]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 194 (6th Cir. 1986).

Here, Chase did not receive the Complaint until October 29, 2018. *See* Ex. C, declaration of Natalie Thomas, ¶ 5. The Complaint indicated that Chase's deadline to respond was November 29, 2018. Ex. A, Complaint. Upon learning of the litigation, Chase immediately engaged counsel, who left a voicemail with Plaintiff seeking clarification on Plaintiff's allegations on November 5, 2018. Although Plaintiff left voicemails with Chase's counsel on November 7, 2018 and November 9, 2018 while the undersigned was out of town, at no point did he mention the removal to district court or that he was considering pursuing a default judgment. Although a copy of the removal to district court, which shortened Chase's response time by 21 days, was apparently mailed to Chase's corporate headquarters, it was not received in the LPS department until November 2, 2018— only days before the default was entered.

When counsel for Chase finally spoke to Plaintiff, they were advised that a default had been entered the previous business day; Chase timely removed the action to this Court the same day, a mere two weeks after it received a copy of the Complaint. Chase's actions do not illustrate any sort of "intent to thwart judicial proceedings" or any "reckless disregard." Instead, Chase was an unwitting victim

of a sophisticated plaintiff who took advantage of the severely lax procedures in small claims court to shorten Chase's response time by several weeks. Good cause exists to set the Default Judgment aside.

<center>ii.   Chase Has Meritorious Defenses.</center>

The default should be set aside under Rule 55(c) and Rule 60(b) because Chase has a meritorious defense to the claims against it. To establish a "meritorious defense", Chase must state a "defense good at law." A showing is sufficient if it gives "even a hint of a suggestion which, proven at trial, would constitute a complete defense." *Thompson*, 95 F.3d at 433-34 (citing *INVST Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 398-99 (6th Cir. 1987)). It is sufficient for a defendant to deny a plaintiff's allegations as untrue or to raise affirmative defenses that, if proved, would bar the plaintiff's recovery. *See, e.g.*, *Eaton v. Meathe*, No. 11-178, 2011 U.S. Dist. LEXIS 30041, at *8-9 (W.D. Mich. Mar. 23, 2011) (unpublished). As demonstrated below, Chase has affirmative defenses to Plaintiff's allegations that constitute a complete defense to Plaintiff's claims.

<center>a. *Plaintiff's Complaint Fails To Meet The Pleading Requirements Of Fed. R. Civ. P. 8.*</center>

As an initial matter, Plaintiff's Complaint does not meet the pleading requirements of Fed. R. Civ. P. 8. A complaint must be dismissed for failure to comply with Rule 8 if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief [that] is plausible on its face." *Ashcroft v. Iqbal*, 556

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  The plausibility standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" or a "sheer possibility that a defendant has acted unlawfully."  *Id*.  It "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).  For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal, supra*  at 1949.

The United States Supreme Court has adopted a two-pronged analysis for determining the facial plausibility of a claim.  *See Iqbal* at 1949-52.  First, the court must determine which allegations are to receive a presumption of truth— bearing in mind that mere legal conclusions are not to be presumed true.  *Id*. at 1949-51 (finding that plaintiffs' allegations amounted to "nothing more than a 'formulaic recitation of the elements of a . . . claim" and were not entitled to a presumption of the truth).

Second, the Court must determine whether the well-pleaded facts, when presumed to be true, constitute "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1951-52.  In undertaking this inquiry, a court should be mindful that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not show[n]—'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, instead of relying on allegations of fact, Plaintiff has simply devoted the entirety of his counts to recitations of the FCRA and FDCPA. *See generally*, Complaint. Indeed, Plaintiff does not even allege exactly what about his account with Chase he purportedly disputed. *Id*. Such pleading techniques are insufficient under *Iqbal* and *Twombly* and are cause for dismissal, thus providing a meritorious defense to Plaintiff's claims.

### b. *FCRA Provides No Private Right Of Action For Claims Brought Pursuant to § 1681s-2(a).*

Plaintiff brings his FCRA claims pursuant to § 1681s-2. *See* Complaint, Count I & II. But even if Plaintiff's claims included necessary information concerning what information was allegedly disputed, what corrections were allegedly neglected, or any information whatsoever specific to Plaintiff, which they do not, his claims would still fail because claims under § 1681s-2(a) are not actionable by consumers. *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 842 ( E.D. Mich. 2010) ("There can be no doubt that the duties imposed by 15 U.S.C. § 1681s-2(a) can only be enforced by government agencies and officials. Therefore, no private right of action exists under subsection (a).") (internal quotations and citations omitted). Enforcement of Section 1681s-2(a) is limited to specific federal agencies and officials. 15 U.S.C. §1681s–2(d). Thus, all allegations

13

asserted against Chase that arise under 15 U.S.C. § 1681a-2(a) fail as a matter of law and are subject to dismissal.

c. *Plaintiff Fails To State A Claim Under Section 1681s-2(b).*

Similarly, to the extent Plaintiff intends to allege that Chase did not properly investigate a notice of dispute pursuant to §1681-2(b), those claims are also without merit. The FCRA sets forth detailed steps that must be taken prior to pursuing a claim under Section 1681s-2(b). When a consumer disputes information with a consumer reporting agency, the consumer reporting agency is obligated to notify the furnisher that provided the disputed information within five business days. 15 U.S.C. § 1681i(a)(2). After receiving "notice [of a dispute] pursuant to Section 1681i(a)(2) from a consumer reporting agency, the furnisher is obligated to perform a reasonable investigation of the dispute and report the results of the investigation back to the credit reporting agency. 15 U.S.C. § 1681s-2(b).

Aside from the fact that Plaintiff's claims fail because they contain absolutely no allegations of wrongdoing toward him specifically, they also fail because Plaintiff does not allege that Chase ever received a notice of dispute from a credit reporting agency. As this Court has held, obligations under §1681-2(b) "are not triggered until a furnisher of information has received notification pursuant to 15 U.S.C. § 1681i(a)(2). Section 1681i(a)(2), in turn, provides that notification must be provided by a CRA – *not* a consumer – to trigger the

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

furnisher's reinvestigation and reporting obligations." *Hawes v. Bank of Am., N.A.*, 13-cv-10063, 2013 U.S. Dist. LEXIS 113119, 9 (E.D. Mich. Aug. 12, 2013) (emphasis in original, unpublished).

Notably, Plaintiff does not attach any letters from the agencies confirming that they opened an investigation, sent notification of a dispute to Chase, or otherwise took any action. *See* Ex. A, Complaint. Indeed, Plaintiff alleges only that Chase failed to properly investigate "after receiving notice from Plaintiff[.]" Ex. A, Complaint, ¶ 12. Plaintiff has not provided any factual support for a claim that Chase received a notice of dispute from a credit reporting agency, and indeed does not even allege that Chase received a notice of dispute.

<div style="margin-left:2em">

d. *Plaintiff's Fair Debt Collection Practices Act Claim Fails To State A Cause Of Action.*

</div>

Plaintiff's FDCPA claim also fails for several reasons. First, in contravention of Rule 8, Plaintiff's vague Complaint does not allege sufficient facts to support a claim, such as the alleged date of any FDCPA violation. As such, the FDCPA claim fails to state a claim.

Second, to state a claim for relief under § 1692g, which appears to be Plaintiff's intent, Plaintiff must plead that he demanded more information about the debt within 30 days of his receipt of Chase's "initial communication" under the FDCPA. He has not done so. Indeed, Plaintiff makes no factual allegations whatsoever; he devotes the entirety of Count IV to simply restating the statute

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

verbatim. *See* Ex. A, Complaint. The Complaint includes no information concerning whether or when he received Chase's "initial communication" or the timing of his request in relation to when Chase sent the "initial communication" to him. Plaintiff has failed to plead Chase had a legal obligation to respond to his request under § 1692g(b), and therefore any such claim fails.

Finally, Plaintiff's FDCPA claim fails because Chase is not a debt collector as defined by the FDCPA. It is well-established that "[a] 'debt collector' does not include a party who attempts to collect its own debt." *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003). In this instance, Plaintiff alleges that he "had an account (credit card) with [Chase.]" Ex. A, Complaint, ¶ 6. Thus, Plaintiff's own admissions confirm that Chase is not a debt collector subject to the FDCPA, and his claim is therefore meritless. It is therefore clear that Chase has meritorious defenses against all of Plaintiff's claims, and the enforcement of a judgment based on barely pled allegations that fail as a matter of law on their face is an exceptional circumstance that would create a manifest injustice if the default judgment is not vacated.

### iii. Plaintiff Will Not Be Prejudiced.

The final Rule 55 factor has been met, as Plaintiff will not be prejudiced by setting the Default Judgment aside. In determining whether Plaintiff will be prejudiced by setting aside the Default Judgment, the Court should consider only

16

the future prejudice that may result from reopening the case. *Dassault Sys*., 663 F.3d at 842; *Berthelsen v. Kane*, 907 F.2d 617, 620-621 (6th Cir. 1990). Setting aside the default judgment must result in "more than delay" or "increased litigation costs" to be considered prejudicial. *Dassault Sys*., 663 F.3d at 842 (citations omitted). Instead, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*., citing *INVST Fin. Grp*., 815 F.2d at 398. Here, Chase seeks only an opportunity to adjudicate Plaintiff's claim on their merits. Plaintiff will not be prejudiced in any way by the Court setting aside the Default Judgment.

><ins>iv.</ins> <ins>The Default Judgment Should be Set Aside Under Rule 60(b)(1) Due To Mistake, Inadvertence, and Excusable Neglect.</ins>

In addition to meeting the three Rule 55 factors, the default judgment should be set aside because of Chase's mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). If this matter had originally been filed in the general civil division of the 16th District Court, Chase's response would have been due on or before November 26, 2018, pursuant to the Michigan Court Rules. But by filing in small claims and then almost immediately removing to the general civil division, Plaintiff cut a full eighteen days from Chase's deadline—a response deadline that was only ten days after Chase was served with the Complaint.

Indeed, gamesmanship of this type is exactly why service on business entities should be completed as directed in MCR 2.105. Chase has reasonable

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

procedures in place to accept service of process and ensure legal documents timely make it to the appropriate departments and individuals. Allowing Plaintiff to subvert those procedures by utilizing the small claims court system makes it more likely than not that mistakes such as this will occur. Thus, even if this Court finds that service of the Complaint and/or notice of removal to the 16th District Court's general civil division was proper, Chase's lack of timely response was due solely to mistake or excusable neglect and should be a basis to set aside the Default Judgment.

v.   The Default Judgment Should be Set Aside Under Rule 60(b)(6) Because Justice Requires It.

Finally, in addition to the other reasons requiring that the default and default judgment be set aside, setting aside the default judgment also is appropriate under Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) allows the court to set aside a judgment for "any other reasons justifying relief." *See Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). This language "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapprott v. United States*, 335 U.S. 601, 614 (1949). Default judgments may be set aside under Rule 60(b)(6) "in extraordinary circumstances or under circumstances imposing extreme or undue hardship." *Holland v. Virginia Lee Co.*, 188 F.R.D. 241, 252 (W.D. Va. 1999). Default judgments should be set aside if it is necessary to prevent manifest injustice. *INVST Fin. Grp.*, 815 F.2d at 400.

18

Here, such extraordinary circumstances exist, and the imposition of this default judgment upon Chase would be manifestly unjust. Plaintiff knowingly and willingly filed his action in the small claims court. Only one week later, Plaintiff removed his own action to the court's general civil division—a move that conveniently shortened Chase's response time by three weeks from the response deadline listed on the Complaint. Plaintiff then sought a default judgment although he had already been contacted by counsel for Chase seeking clarification on his claims. Indeed, although counsel for Chase had not yet appeared in the 16th District Court on this matter, Plaintiff was sophisticated enough to look up counsel for Chase's contact information and address the Default Judgment to the undersigned's attention directly—further proof that Plaintiff is a knowledgeable litigant who took advantage of the situation for his own gain. The default judgment should be overturned.

## IV.    CONCLUSION

For the reasons set forth herein, Chase respectfully requests that this Court grant its motion and enter an Order setting aside the default and default judgment, granting Chase 14 days to respond to Plaintiff's complaint, and granting any other relief this Court deems appropriate.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By: */s/ Samantha L. Walls*
  Samantha L. Walls (P75727)
  Counsel for Defendant
  Dykema Gossett PLLC
  400 Renaissance Center
  Detroit, MI  48243
  Telephone:  (313) 568-6800
  Facsimile:  (855) 243-9880
  swalls@dykema.com

Dated:  December 7, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on **December 7, 2018**, served the foregoing document upon the following by first-class United States mail, with postage prepaid:

Michael Kemsely
32308 Allen Road
Livonia, MI 48154

*/s/ Samantha L. Walls*
  Samantha L. Walls
  Dykema Gossett PLLC
  Attorneys for Chase Bank USA, N.A.