UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL KEMSLEY,

    Plaintiff,

v.

JPMORGAN CHASE BANK N.A.,

    Defendant.
_____/

Case No. 18-cv-13514

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT [#3]**

**I. INTRODUCTION**

Present before the Court is Defendant's Motion to Set Aside Default and Default Judgment, filed on December 7, 2018. Dkt. No. 3. The matter is fully briefed, and a hearing was held on January 25, 2019. For the reasons stated on the record and set forth below, the Court will GRANT Defendant's Motion [#3].

**II. BACKGROUND**

Plaintiff Michael Kemsley initiated this suit in the small claims division of the Michigan state court on October 15, 2018, alleging violations of the Fair Credit Reporting Act (FCRA) and the Fair Debt Collection Practice Act (FDCPA). Dkt. No. 1-1. Plaintiff served Defendant JPMorgan Chase on October 23, 2018, and the

-1-

summons ordered Defendant to appear before the small claims court on November 29, 2018 to answer Plaintiff's Complaint. Dkt. No. 1-1; Dkt. No. 10.

On October 25, 2018, Plaintiff removed the case to the general civil division of the state court, shortening the time in which Defendant had to answer the Complaint. Dkt. No. 3-5. Defendant asserts that its Legal Papers Served Department (LPS Department) did not receive this notice of removal until November 2, 2018. Dkt. No. 3, p. 13 (Pg. ID 31). Further, that the notice of removal would have needed to be routed through several other departments before reaching the actual Legal Department. Dkt. No. 11, p. 4 (Pg. ID 122). Nevertheless, because the case was removed to the general civil division of the state court, Defendant's answer to Plaintiff's Complaint was now due by November 8, 2018. Dkt. No. 3-5.

On November 5, 2018, defense counsel left a voicemail with Plaintiff, seeking clarification on the allegations in his Complaint. Dkt. No. 3, p. 20 (Pg. ID 38). At this point, defense counsel still had not received notice of the case having been removed from small claims court. Dkt. No. 11, p. 4 (Pg. ID 122). Plaintiff attempted to return counsel's call on November 7 and November 9, but counsel asserts she was out of town. Dkt. No. 3, p. 20 (Pg. ID 38). Even so, counsel claims Plaintiff's voicemails made no mention of the fact that he had removed the

case from the small claims court or that he planned to pursue a default judgment. *Id.*

On November 9, 2018, Plaintiff sought, and the state court entered, a default and default judgment against Defendant. Dkt. No. 3-6. On November 12, 2018, Defendant removed the case to federal court, and now seeks to set aside the entry of default and default judgment. Dkt. No. 1; Dkt. No. 3.

### III. LEGAL STANDARD

It is well settled that "once a case has been removed to federal court . . . federal rather than state law governs the future course of proceedings." *Granny Goose Foods v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 437 (1974). Hence, the Court must apply federal law in considering whether to set aside the entry of default and default judgment.

### IV. DISCUSSION

Defendant -- relying on Federal Rules of Civil Procedure 55(c) and 60(b)(1) and (b)(6) -- moves the Court for an order setting aside the state court's entry of default and default judgment. Dkt. No. 3. The Court will grant this request.

When a defendant seeks relief from an entry of default under Rule 55(c), the standard is "good cause." *United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 843 (6th Cir. 1983). In exercising its discretion under this Rule, the Court must consider (1) whether culpable conduct of the defendant led to the

default, (2) whether the defendant has a meritorious defense, and (3) whether a set-aside would prejudice the plaintiff. *Id.* at 844. The Sixth Circuit has held that the same considerations apply to a Rule 60(b) motion to set aside entry of a default judgment. *Id.* at 845.

Importantly, district courts are required to apply Rule 60(b) "equitably and liberally . . . to achieve substantial justice." *Id.* at 844-45. The reason being that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *Id.* at 845. Accordingly, "only after a careful study of all relevant considerations should courts refuse to open default judgments." *Id.* at 846 (quoting *Tozer v. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)).

Here, the Court will set aside the entry of default and default judgment because (1) Defendant's failure to timely respond to Plaintiff's Complaint can be attributed to mistake, inadvertence, surprise, or excusable neglect; (2) Defendant has meritorious defenses to Plaintiff's claims; and (3) Plaintiff will not be prejudiced by an order setting aside the default and default judgment.

1. **Entry of Default and Default Judgment can be Attributed to Defendant's Mistake, Inadvertence, Surprise, or Excusable Neglect.**

Defendant argues there is cause to set aside the entry of default and default judgment because this was the result of mistake, inadvertence, surprise, or excusable neglect. Dkt. No. 11, p. 4 (Pg. ID 122) (referencing Fed. R. Civ. P. 60(b)(1)). Specifically, Defendant claims its counsel had little to no notice that

Plaintiff had removed the case from the small claims division of the state court, thereby shortening the time to answer Plaintiff's Complaint. *See id.*

"Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally." *United Coin Meter Co., Inc.*, 705 F.2d at 845 (quoting *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir. 1981)). "Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (quoting *Tozer*, 189 F.2d at 245).

Here, the Court cannot find that the entry of default and default judgment was the result of willful misconduct on the part of Defendant. It appears defense counsel had little advance notice, or was wholly unaware, that Plaintiff had removed the case from the small claims division of the state court to the general civil division. *See* Dkt. No. 11, p. 4 (Pg. ID 122). As such, defense counsel had been under the honest but mistaken belief that Defendant's answer to the Complaint was due on November 29, 2018, rather than on November 8, 2018.

While the record does show that Defendant's LPS Department received the notice of removal on November 2, 2018, it is unclear when Defendant's actual Legal Department, or defense counsel in particular, received this notice. Defendant asserts that the notice would have needed to be routed through several other departments before it ever reached the Legal Department. *See id.* The Court

can only speculate as to the difficulties of routing mail through such a large institution. But in any case, that Defendant's LPS Department did not get this notice into the hands of defense counsel before the short six-day window to answer Plaintiff's Complaint expired, can certainly be attributed to, at most, excusable neglect. *See Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (identifying the following five factors for determining whether neglect is excusable: (1) danger of prejudice to non-moving party, (2) length of delay and its impact on the judicial proceedings, (3) reason for delay, (4) whether reason for delay was within the reasonable control of the movant, and (5) whether the movant acted in good faith).

First, as will be discussed later, Plaintiff faces no prejudice by now having to try this case on the merits of his claims. Second, the length of delay was minimal. In fact, Defendant removed this case to federal court within days of the entry of default and default judgment. Because the preference is to decide cases on their merits, the delay will have no negative impact on these judicial proceedings. Third, the delay was caused by a lack of sufficient notice on the part of Defendant, and this lack of notice can be attributed to a combination of administrative difficulties, gamesmanship, and the less-rigorous service rules of the state's small claims court. Finally, it does not appear that Defendant was acting in bad faith to thwart judicial proceedings. To the contrary, defense counsel had already reached out to Plaintiff to gain a better understanding of the claims in Plaintiff's Complaint.

Under these circumstances and considering the expedited turn-around time in which Defendant had to answer Plaintiff's Complaint, justice would require setting aside the entry of default and default judgment, so the case can be tried on its merits.

**2. Defendant has Meritorious Defenses to Plaintiff's Claims.**

In order to establish a meritorious defense, the defendant must state "a defense good at law." *Thompson v. Am. Home Ins. Co.*, 95 F.3d 429, 434 (6th Cir. 1996) (quoting *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys, Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)). It is sufficient if the defense contains even a "hint of suggestion" that it would constitute a complete defense if proven at trial. *Id.* (quoting *INVST Fin. Grp.*, 815 F.2d at 398-99).

Here, Defendant raises several meritorious defenses to the claims in Plaintiff's Complaint. First, Defendant asserts there is no private right of action for the claims arising in Counts One and Two of the Complaint. Dkt. No. 3, p. 23 (Pg. ID 41). Indeed, Counts One and Two appear to allege violations of § 1681s-2(a) of the FCRA, while the statute is clear that only government agencies and officials can enforce that section. *See* 15 U.S.C. § 1681s-2(d); Dkt. No. 3-2, pp. 6-8 (Pg. ID 55-57).

Second, Defendant asserts Plaintiff fails to state a claim under Count Three of his Complaint. *See* Dkt. No. 3, pp. 24-25 (Pg. ID 42-43). It appears Count

Three of Plaintiff's Complaint alleges a violation of § 1681s-2(b) of the FCRA. *See* Dkt. No. 3-2, p. 8 (Pg. ID 57).

> Under § 1681s-2(b), when a furnisher of information receives a notice of dispute from a [Consumer Reporting Agency], it must (1) conduct an investigation, (2) review any information provided by the CRA, (3) report the results of the investigation to the CRA, (4) report any inaccuracies to all CRAs which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides.

*Hawes v. Bank of Am., N.A.*, 2013 WL 4053143, at *3 (E.D. Mich. Aug. 12, 2013) (citing 15 U.S.C. § 1681s-2(b)). Critically, these obligations are not triggered until "a furnisher of information has received notification pursuant to 15 U.S.C. § 1681i(a)(2)." *Id.* "Section 1681i(a)(2), in turn, provides that notification must be provided by a CRA—not a consumer—to trigger the furnisher's reinvestigation and reporting obligations." *Id.* (citing 15 U.S.C. § 1681i(a)(2)).

Here, Plaintiff's Complaint does not claim Defendant received notice from a CRA, such that it would trigger Defendant's obligations under § 1681s-2(b). *See* Dkt. No. 3-2. Instead, Plaintiff alleges only that Defendant failed process the dispute "after receiving notice from Plaintiff." *See id.* at p. 8 (Pg. ID 57). This does not appear to constitute a claim under § 1681s-2(b).

Finally, Defendant asserts Plaintiff fails to state a claim under Count Four of his Complaint. Dkt. No. 3, pp. 25-26 (Pg. ID 43-44). Count Four alleges Defendant violated § 1692(g) of the FDCPA by not validating Plaintiff's debt. *See* Dkt. No. 3-2, p. 9 (Pg. ID 58). But the Sixth Circuit has been clear: "A bank that is

'a creditor is not a debt collector for purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts.'" *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (quoting *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 794 (W.D. Ky. 2003)). Here, Plaintiff alleges he had a credit card account with Defendant, and thus, by his own admission, Defendant is not a debt collector for purposes of liability under § 1692(g). *See* Dkt. No. 3-2, p. 6 (Pg. ID 55).

In short, Defendant has raised several meritorious defenses that, if proven at trial, could constitute a complete defense to Plaintiff's claims. As such, justice would require setting aside the entry of default and default judgment.

### 3. Plaintiff will not be Prejudiced by an Order Setting Aside the Default and Default Judgment.

Finally, Defendant argues that Plaintiff will not be prejudiced by setting aside the entry of default and default judgment. Dkt. No. 3, p. 27 (Pg. ID 45). Notably, Plaintiff does not dispute this argument.

"[D]elay alone is not a sufficient basis for establishing prejudice." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 842 (6th Cir. 2011) (quoting *INVST Fin. Grp.*, 815 F.2d at 398). "Instead, 'it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide

greater opportunity for fraud or collusion.'" *Id.* (quoting *INVSF Fin. Grp.*, 815 F.2d at 398).

Here, Plaintiff will suffer no prejudice if the Court sets aside the entry of default and default judgment. Certainly, Plaintiff cannot contend that adjudicating his claims on their merits will place him at some disadvantage. Appropriately, then, the Court will set aside the entry of default and default judgment.

### V. CONCLUSION

For the reasons stated herein, the Court will GRANT Defendant's Motion [#3]. Defendant shall file an answer to Plaintiff's Complaint within fourteen days of the Court's Order.

IT IS SO ORDERED.

Dated: January 29, 2019

                                    s/Gershwin A. Drain
                                    HON. GERSHWIN A. DRAIN
                                    United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 29, 2019, by electronic and/or ordinary mail.

                                    s/Teresa McGovern
                                    Case Manager